# United States District Court
## For The District of Colorado

---

Criminal Action No. 96-cr-048-ABJ

UNITED STATES OF AMERICA,

        Plaintiff,

        vs.

DEYON THOMAS,

        Defendant.

---

## ORDER DENYING NOTICE OF APPEAL OUT OF TIME

---

The above-entitled matter came before the Court upon partial remand from the Tenth Circuit Court of Appeals in order to determine whether Mr. Thomas' request for "belated appeal" should be granted and for a determination of good cause or excusable neglect under Fed. R. App. P. 4(b)(4). Both parties submitted briefs on this matter and a hearing was held before the Court on October 8, 2008. After reviewing the materials and being fully advised, the Court FINDS that the notice of appeal out of time should be DENIED as the Court cannot find that excusable neglect exists.

After receiving a pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), the Court appointed Ms. Dana Casper to represent Mr. Thomas. On July 10, 2008, the Court granted the motion for reduction of sentence, thus reducing Mr. Thomas'

sentence as to Count I from 262 months to the mandatory minimum of 240 months.[1]  The ten

day period for filing a notice of appeal with this Court lapsed.  Fed. R. App. P. 4(b)(1)(A).

Ms. Casper did not file a notice of appeal and did not inform Mr. Thomas of his right to

appeal his sentence reduction.  (Petitioner's Brief in Support of Good Cause of Excusable

Neglect for Filing Late Notice of Appeal, Affidavit of Dana M. Casper.)  Mr. Thomas did

not request that Ms. Casper file an appeal. *Id.*  Mr. Thomas filed a pro se "Notice of Belated

Appeal" with the Court on August 1, 2008.  (Dkt. No. 125.)  Ms. Casper filed a motion to

withdraw on August 28, 2008.

Both parties concede that "good cause" is not applicable under the circumstances of

this case.  (Petitioner's Brief in Support of Good Cause of Excusable Neglect for Filing Late

Notice of Appeal at 3; Government's Response to Defendant's Brief at 2.)  In determining

whether there is excusable neglect, the Court must take "account of all relevant

circumstances surrounding the party's [failure to file a timely notice]." *Pioneer Inv. Servs.*

*Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993); *see also United States v. Torres*, 372

F.3d 1159, 1162 (10th Cir. 2004).  These relevant circumstances can be neatly grouped into

four factors: (1) "the danger of prejudice to the [government], (2) the length of the delay and

its potential impact on judicial proceedings, (3) the reason for the delay, including whether

it was within the reasonable control of the movant, and (4) whether the movant acted in good

---

[1] Because Counts II and III did not involve changes in the sentencing guidelines, Mr. Thomas was not entitled to relief on these counts.  The mandatory minimum of 60 months as to Count III ran consecutive to Counts I and II and Mr. Thomas' sentence was reduced to a total of 300 months.

faith." *Torres*, 372 F.3d at 1162. Among these factors, the excuse given for the delay "must have the greatest import." *Id*. at 1163 (citing *Graphic Commc'n Int'l Union v. Quebecor Printing Providence, Inc*., 270 F.3d 1, 5 (1st Cir. 2001)). Further, a defendant bears the burden of establishing sufficient reason for his failure to comply with the filing requirements. *U.S. v. Chavez*, 17 Fed. App'x 847, 849 (10th Cir. 2001).

During his partial remand hearing, Mr. Thomas asserted that excusable neglect was demonstrated because Ms. Casper should have filed an appeal on his behalf, or at least, informed him of his right to appeal his new sentence. Mr. Thomas further notes that because a hearing was not convened on his § 3582(c)(2) motion, he was not advised of his right to take an appeal by a judge. In support of his argument, Mr. Thomas cites *United States v. Andrews*, 790 F.2d 803, 806 (10th Cir. 1986), wherein the court found for excusable neglect because Mr. Andrews was seriously ill and heavily medicated during the time in which he was required to appeal and he was denied the aid of appointed counsel. (Petitioner's Brief in Support of Good Cause of Excusable Neglect for Filing Late Notice of Appeal at 4.)

The Court finds that the instant case is distinct from *Andrews*. Mr. Thomas was not seriously ill, nor was he denied the aid of appointed counsel. Here, Mr. Thomas could have filed a timely notice of appeal pro se, as he did on August 1, 2008. Generally, inadvertence, ignorance of the rules, or mistakes construing the rules does not constitute excusable neglect. *United States v. Mitchell*, 464 F.3d 1149, 1151 (10th Cir. 2006). Under the above-cited circumstances, the Court cannot find reason to depart from this general rule.

While the Court finds that Ms. Casper's failure to advise her client of his right to

appeal amounts to poor practice, the Court finds that the excuses offered by Mr. Thomas are insufficient to establish excusable neglect.

NOW, THEREFORE, IT IS HEREBY ORDERED that Mr. Thomas' motion to file an appeal out of time is DENIED.

Dated this 24th day of October, 2008.

UNITED STATES DISTRICT JUDGE
SITTING BY DESIGNATION