# United States District Court
## For The District of Colorado

Criminal Action No. 96-CR-048-ABJ

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

DEYON THOMAS,

        Defendant.

**ORDER DENYING THIRD MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**

        The above-entitled matter came before the Court upon a motion filed by Mr. Thomas in which he seeks a third modification in sentence pursuant to 18 U.S.C. § 3582(c)(2). The Court has reviewed the motion and finds that the motion should be denied.

        In Mr. Thomas' first motion under 18 U.S.C. § 3582(c), the Court determined that "[i]n light of the United States Sentencing Commission's reduced sentencing guideline for the possession with intent to distribute crack cocaine, Amendment 706, and after considering the factors set forth in 18 U.S.C. § 3553(a), the Court finds that Mr. Thomas' sentence as to Count One should be reduced to the mandatory minimum of 240 months." *See* Crim. Doc. 124. The Court further explained that this mandatory minimum is based on the fact that Mr. Thomas faced an enhanced sentence due to a prior felony drug conviction in Maricopa

County, Arizona. *Id*. Last, the Court determined that Mr. Thomas was not entitled to relief as to the sentence that he received for Counts Two and Three because those counts did not involve any changes in the sentencing guidelines and the mandatory minimum sentence as to Count Three is 60 months to run consecutive to Counts One and Two. *Id.*

Mr. Thomas' second motion under 18 U.S.C. § 3582(c) sought a reduction in sentence on the basis that he was charged twice for the same gun. As the Court explained, while a two-level increase is mandated for the possession of a dangerous weapon in relation to an underlying drug offense, the two-level increase was not applied to Mr. Thomas because he was also convicted of a violation under 18 U.S.C. § 924(c). *See* Crim. Doc. 153. Since the court did not apply a weapons enhancement on the offense underlying the 924(c) conviction, Amendment 599 did not impact on Mr. Thomas' sentence. *Id.* Accordingly, the Court denied the motion. *Id*.

In the instant motion, Mr. Thomas again seeks reduction in sentence based on the crack cocaine amendments and his possession of a firearm. The Court has already addressed both of these challenges in Mr. Thomas' first and second motions under § 3582(c). The Court shall not revisit these issues.

Also in the instant motion, Mr. Thomas raises challenges to the point calculation in his Presentence Report (PSR). However, section 3582(c) allows the court to modify a sentence in only three limited circumstances: on motion of the Director of the Bureau of Prisons if special circumstances exist; if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or if the sentencing range is subsequently lowered by the

2

Sentencing Commission. Mr. Thomas' challenge to his PSR does not fall into any of these categories. His challenge is not appropriate in a § 3582(c) motion and instead may be pursued in a 28 U.S.C. § 2255 motion. The Court notes that because Mr. Thomas has already filed a § 2255 motion, he must seek leave of the Court of Appeals to file a successive § 2255 motion. *See* 28 U.S.C. § 2255(h).

NOW, THEREFORE, IT IS HEREBY ORDERED that Mr. Thomas' third motion for reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.

Dated this 17th day June, 2010.

_____
UNITED STATES DISTRICT JUDGE
SITTING BY DESIGNATION