IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Criminal Case No. 96-cr-00048-CMA-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DEYON THOMAS,

    Defendant.

_____

**ORDER DENYING THIRD MOTION FOR REDUCTION IN SENTENCE**
_____

    This matter is before the Court on Defendant Deyon Thomas's third "Motion to Reduce and/or Modification of Sentence." (Doc. # 160, re-filed on June 11, 2010 at Doc. # 162). Defendant Thomas has filed this motion *pro se*. Although Defendant's Motion is not a model of clarity, the Court has liberally construed the Motion, as it must do with *pro se* pleadings.[1] As such, Defendant appears to request a further reduction of his sentences for possession of a firearm by a convicted felon and using/carrying a firearm during the commission of a drug trafficking crime, namely possession with intent to distribute cocaine base.

---

[1] *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

On September 16, 1996, Thomas was sentenced as follows:

**Count One** - 262 months imprisonment with 10 years supervised release for Possession with Intent to Distribute Cocaine Base (21 U.S.C. §§ 841(a)(1) and (b)(1)(A));

**Count Two** - 120 months imprisonment with 3 years supervised release to be served concurrent to the sentence on Count One for Possession of Firearm by Convicted Felon (18 U.S.C. § 922(g)(1)); and

**Count Three** - 60 months imprisonment consecutive to the sentences in Counts One and Two for Use/Carrying Firearm during Drug Trafficking Crime (18 U.S.C. § 924(c)(1)).

On March 6, 2008, Defendant filed a "Pro Se Motion for Sentence Reduction Under 3582(c)(2)." (Doc. # 111.) In that Motion, Defendant requested a reduction of his sentence in connection with his crack cocaine conviction in light of the then-recent changes to the crack-cocaine sentencing guidelines.[2] On June 9, 2008, an attorney filed a supplemental motion on Thomas's behalf and clarified that Thomas seeks a reduction in his sentence for Count 1, from 262 months imprisonment to 240 months. (Doc. # 121 at 4.) The Motion correctly stated that the changes in the sentencing guidelines do not affect the sentences for Counts 2 and 3, and Plaintiff is not seeking a modification in those sentences. (*Id.* at 2, 4.)

---

[2] Effective March 3, 2008, the United States Sentencing Commission made retroactive reductions to the penalties for crack-cocaine convictions, and allowed previously-convicted defendants to seek a reduction in their sentences pursuant to 18 U.S.C. § 3582(c)(2). *See* U.S. SENTENCING GUIDELINES MANUAL §§ 1B1.10 and 2D1.1 (2008).

On July 10, 2008, United States District Judge Alan B. Johnson, sitting by designation, granted Thomas's Motion and reduced the sentence under Count 1 from 262 months imprisonment to 240 months. (Doc. # 124 at 2.)

On September 29, 2008, Thomas filed his Motion to Reduce Term of Imprisonment Under Title 18 U.S.C. § 3582(c)(2) (Doc. #141). Thomas contended that he was, in essence, penalized twice in connection with Counts 2 and 3 for using a gun in connection with the drug trafficking offense and, therefore, a second reduction in his sentence was warranted.

On November 7, 2008, Judge Johnson denied Thomas's second request for a reduction in his sentence. (Doc. # 153.) Judge Johnson reasoned that:

> While a two-level increase is mandated for the possession of a dangerous weapon in relation to an underlying drug offense, the two-level increase was not applied to Mr. Thomas because he was also convicted of a violation under 18 U.S.C. § 924(c). The [Presentence Report] clearly shows that Mr. Thomas did not receive any additional levels under the specific characteristic offense . . . .
>
> The sentence imposed for Counts One and Two was not increased by the application of a weapons enhancement.

(*Id.* at 3).

Now, nearly a year-and-a-half later, Thomas has filed the instant Motion and appears to seek a further reduction in his sentence in light of the previous changes to crack-cocaine penalties and because he was allegedly penalized twice for the use of a gun in connection with his drug-trafficking offense. (Doc. ## 160, 162). This is essentially his **third** request to reduce or modify his sentence.

3

The Court finds no reason to further modify Thomas's sentence at this late stage. First, as noted above, the changes to the sentencing guidelines do not apply to Counts 2 and 3. Second, while 18 U.S.C. § 924 does provide for a penalty enhancement where a deadly weapon is used in connection with an underlying crime, that section also articulates a separate actionable offense for the use of a deadly weapon during the commission of a crime. As Judge Johnson articulated, Thomas was found in violation of 18 U.S.C. § 922(g), which renders unlawful the possession of firearms by convicted felons (Count 2). Thomas was **separately** found in violation of 18 U.S.C. § 924(c)(1), which proscribes and sets forth penalties for the use of a deadly weapon in the commission of a drug trafficking crime (Count 3). The sentence in connection with Count 2 was not enhanced. Therefore, this Court finds that the sentences imposed in connection with Counts 2 and 3 were not excessive or duplicative.

Accordingly, for the foregoing reasons, IT IS ORDERED THAT Thomas's "Motion to Reduce and/or Modification of Sentence" (Doc. # 162) is DENIED.

DATED: June __21__, 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

4